1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER SANDERS,

    Petitioner,

v.

LEWIS COUNTY JAIL,

    Respondent.

Case No. C06-5720FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
March 2, 2007**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### **DISCUSSION**

    Petitioner filed this petition in late December of 2006 (Dkt. # 1). Prior to the court taking any action, he moves to "discontinue" his petition (Dkt. # 3). Petitioner states he would like the court to take the evidence from this petition and attach those documents to a "new claim." (Dkt. # 3). Petitioner does not identify any claim or new action by a cause number. Further, while his

REPORT AND RECOMMENDATION- 1

original petition states "Enclosed please find" and he lists seven documents, there are no enclosures (Dkt. # 1).

Petitioner also asks for a new 28 U.S.C. § 2254 Habeas Corpus form (Dkt. # 3). The court recommends this action be **DISMISSED WITHOUT PREJUDICE**, that the clerks' office be instructed to send petitioner a new 28 U.S.C. 2254 form. The court also recommends petitioner be sent a copy of his original petition (Dkt. # 1).

The court considers the petitioners request to dismiss this petition as a voluntary non suit under Fed. R. Civ. P. 41(a)(1). Petitioner needs to be aware that he has one year from the date his sentence or conviction become final to seek habeas corpus relief. 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the original petition states petitioner was taken to the Lewis county Jail on August 20, 2006 the statute of limitations does not appear to be an issue at this point in time (Dkt. # 1 page 2).

## CONCLUSION

The request to dismiss this action should be considered as a non suit and the petition should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

REPORT AND RECOMMENDATION- 2

R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007** as noted in the caption.

      Dated this 30 day of January, 2007.

<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3